PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2003 Chrysler Sebring struck a large hole while claimant, Linda Porter, was traveling on 1-70 through Wheeling in Ohio County. 1-70 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on January 13, 2007, while claimant was traveling from Bethlehem to Washington, Pennsylvania. In the area where this incident occurred, two lanes of 1-70 and two lanes of 1-470 merge into three lanes. The speed limit is fifty-five miles per hour. As claimant was proceeding in the center lane of 1-70 near Exit 5, the vehicle struck a large hole in the road. Claimant was traveling at approximately fifty-five miles per hour, and she was unable to avoid the hole due to the heavy traffic. Even though she traveled on this road three to four weeks earlier, she did not notice this hole prior to the incident in question. Claimant Thomas Porter testified that their vehicle sustained damage to the wheel, valve, and alignment totaling $288.73. Claimants’ insurance deductible is $500.00.
Terry Kuntz, Interstate Supervisor for respondent, testified that the road’s surface consisted of a concrete base with an asphalt overlay. Mr. Kuntz stated that the hole in this area was a reoccurring problem and needed to be re-patched every time it would rain. Since the hole was located in the middle of a busy intersection, there was not an adequate location to place a warning sign for the traveling public. Although respondent repeatedly filled the hole, the problem persisted until April when the respondent applied hot mix to this area.
It is a well-established principle that the State is neither an insurer nor a *89 guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the instant case, the evidence established that respondent had, at the least, constructive notice of the hole that claimants’ vehicle struck, and that the hole presented a hazard to the traveling public on 1-70 in Ohio County. The location of the hole on a heavily traveled portion of the interstate, where vehicles travel at high speeds, leads the Court to conclude that respondent had notice of the condition on 1-70. Despite respondent’s attempts to patch the hole in this area, the patchwork was inadequate when this incident occurred. Thus, the Court finds that there is sufficient evidence of negligence to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the
Court is of the opinion to and does make an award to claimants in the amount of $288.73.
Award of $288.73.